UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALESTRIERE LANZA, PLLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>SILVER POINT CAPITAL, LP,<br><br>    Defendant. | 08-cv-4731 (GEL) |

**DEFENDANT SILVER POINT'S RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

  Plaintiff should never have removed this action from the state court in which plaintiff itself commenced it. The rules governing removal are not complex. The statute expressly states that only a defendant may move. The case law makes clear, without exception, that the statute means what it plainly says – only a defendant may remove an action, regardless of whether defendant later files a counterclaim. Common sense should make it obvious that a plaintiff that chooses a forum in the first place should not have a second chance to do so when its adversary answers. So basic are these rules that, here, plaintiff must have removed the action without checking any of the rules governing the procedure.

  Here are the facts:

  1. On or about March 27, 2008, plaintiff law firm commenced an action in New York State Supreme Court, New York County, seeking payment of what plaintiff characterizes as "legal fees" of $73,496, supposedly incurred in the alleged

representation of defendant Silver Point Capital, L.P. Before commencing this action, Silver Point advised plaintiff of its intention to sue plaintiff for professional malpractice. In keeping with this assurance, Silver Point included counterclaims for malpractice (among other things) in its May 15, 2008 answer.

2. Five days later, on May 20, 2008, plaintiff filed a removal petition in this Court, signed by a member of the firm, claiming diversity of citizenship (which of course existed from the outset) as the basis for federal jurisdiction. Plaintiff served the petition on Silver Point's counsel on May 21, 2008. On that same day, after incurring the time and expense to confirm what counsel understood of the law, we called plaintiff's counsel to alert him to his error. A day later, he conceded the point.

3. It was plain that plaintiff's counsel did not know what to do next. He proposed a joint call to the Court for advice on how to proceed. We told him that he would need to make a motion to remand, to which Silver Point would consent, but we also made clear that, as set forth in section 1447(c) of Title 28, Silver Point is entitled to an award of fees and costs incurred owing to this obviously incorrect removal. Resisting this, he then suggested that Federal Rule of Civil Procedure 41 offered a basis for "withdrawal" if we would consent.

4. Finally, we told plaintiff that, if plaintiff did not move to remand forthwith, Silver Point would do so. Faced with this, plaintiff filed this motion.

5. Plaintiff's motion is less than forthcoming in saying that plaintiff deemed State court to be the "appropriate forum" after "further consideration;" in fact, they did so only after we told plaintiff that the law is plain that no removal is allowed. Moreover, for reasons that go unexplained, plaintiff's motion says that they "will move to

remand" this action on July 1, 2008. No reason exists for this delay. The Court should immediately remand the action, together with an award of costs of $3500 to compensate Silver Point for having to discover and remedy plaintiff's mistake.

Dated: June 18, 2008
      New York, New York

                      Respectfully submitted,

                      PAUL, WEISS, RIFKIND, WHARTON, & GARRISON LLP

                      By: *Philip G. Barber* (signature)
                         Gerard E. Harper (gharper@paulweiss.com)
                         Philip G. Barber (pbarber@paulweiss.com)

                      1285 Avenue of the Americas
                      New York, New York 10019-6064
                      (212) 373-3000

                      Attorneys for Defendant Silver Point Capital, L.P.