UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
BALESTRIERE LANZA PLLC,        :    Index No. 08-cv-4731 (GEL)
                                              :
                 Plaintiff,            :    **PLAINTIFF'S MEMORANDUM**
                                              :    **IN REPLY TO DEFENDANT'S**
       - against -                     :    **RESPONSE TO PLAINTIFF'S**
                                              :    **MOTION TO REMAND**
SILVER POINT CAPITAL, LP,     :
                                              :
                 Defendant.         :
                                              :
------------------------------------------------------------x

## PRELIMINARY STATEMENT

On March 27, 2008, Plaintiff law firm filed this action against Silver Point Capital, LP to collect approximately $73,496 in unpaid legal fees. On May 15, 2008, Silver Point answered the Complaint and added two counterclaims, requesting $250,000 in damages. On the basis of Silver Point's counterclaims, Plaintiff sought to remove this action to federal court. Plaintiff served the removal petition on Silver Point's counsel (hereinafter "Defendant") on May 21, 2008 at 12:22 p.m. (Exhibit A at 3.)

That same day, at approximately 4:30 p.m., Defendant contacted Plaintiff (Exhibit B at 2), alerting Plaintiff that the notice of removal was improper, as only a defendant may remove an action, regardless of whether defendant later counterclaims. Fewer than twenty-four hours later, at 9:23 a.m. on May 22, 2008, Plaintiff sent an email to Defendant conceding the point. (*Id.* at 3.)

Plaintiff then proposed a joint call to the Court, hoping the Court might summarily remand the case under 28 U.S.C. § 1446(c) by simply taking account of the

clear defect of Plaintiff's petition. (*Id.* at 1.) Defendant, however, refused, insisting that a call to the court would be "inappropriate." (*Id.* at 1.)

Plaintiff then filed the instant motion to remand on June 3, 2008. In its response, Defendant did not oppose Plaintiff's motion but, rather, moved for fees and costs under 28 U.S.C. § 1447(c). (Def.'s Resp. 3.)

## ARGUMENT

Both parties agree that Plaintiff's motion to remand should be granted. The only issue is Defendant's apparent request for fees and costs on the last page of its response.

28 U.S.C. § 1447(c) affords the district court discretion to award attorney's fees and costs if an order to remand is entered. *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2nd Cir. 1992) (explaining that Section 1447(c) is principally designed to compensate *plaintiffs*, not defendants, for the costs of opposing removal). This provision states "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has recently clarified that this provision does not afford an automatic award of attorney's fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) (holding that attorney fee provision of the removal statute does not create a strong presumption in favor of awarding fees on remand).

### I.     Defendant Is Not Requesting Reasonably Attorney's Fees

A party seeking attorney's fees has the burden of establishing that his attorney expended a *reasonable* amount of time. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). Here, however, Defendant's request for $3,500 in fees is completely unreasonable.

Plaintiff served Defendant with a courtesy copy of the notice of removal by email at 12:22 p.m. on May 21, 2008. (Exhibit A at 2.) Defendant then contacted Plaintiff at approximately 4:30 p.m., requesting that Plaintiff call Defendant to discuss the notice of remand. (*Id.* at 1.) By 9:23 a.m. on May 22, 2008, Plaintiff's counsel had conceded Defendant's counsel's point. (Exhibit B at 3.)  Thus, Defendant's counsel could have spent only four hours confirming Plaintiff's error.  Indeed, Defendant routed Plaintiff's notice of removal in fewer then twenty-four hours by making one phone call.

Still, Defendant makes the unsupported claim that Plaintiff's notice of remand cost Defendant $3,500 in legal fees. (Def.'s Resp. 3.)

Indeed, Defendant states the rules governing removal are "not complex," that removal procedure is basic and commonsensical. (*Id.* at 1.)  Notwithstanding, Defendant maintains that it incurred $3,500 in costs and expenses in "confirm[ing] what counsel understood as the law" and in "having to discover and remedy Plaintiff's mistake." (*Id.* at 2.) Defendant omits the fact that it did not write a motion to "remedy Plaintiff's mistake" but rather made one phone call.

Additionally, in an email communication on April 30, 2007, Defendant stated that it would handle this matter *pro gratis*. (Exhibit C.) If Defendant's April 30, 2007, email is truthful, then the unsupported claim that Defendant "incurred" $3,500 in fees and costs is even more problematic than it initially appears.

Finally, Defendant decries the time spent on this matter. (Def.'s Resp. 2.) Yet, at the same time, Defendant has been completely unwilling to contact the Court (Exhibit B

at 1), even though a call to the Court may have given the Court an opportunity to summarily remand the matter pursuant to 28 U.S.C. § 1446(c)(4).

Defendant's request for fees and costs is thus unreasonable, and Defendant's application for fees should be denied.

## II. Defendant Cannot Substantiate Its Request for $3,500 in Fees

Defendant cannot satisfy its burden that it is entitled to the amount of fees it seeks. As the fee applicant, Defendant "bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Greenidge v. Mundo Shipping* Corp., 60 F.Supp. 2d 10, 13 (E.D.N.Y. 1999) (Fee applicant bears the burden of establishing entitlement to award).

Defendant has thus far offered a sparse catalog of efforts made to "discover and remedy Plaintiff's mistake." (Def.'s Resp. 3.) Indeed, Defendant provides no records to support the amount of fees Defendant requests. Defendant does not even identify the attorneys who worked on the research or detail the tasks each attorney performed.

Defendant does not because it cannot. There is no way Defendant could incur $3,500 in fees in the short time in between when Plaintiff filed the notice of remand and Plaintiff conceded Defendant's point.

As a consequence of its deficient supporting evidence, Defendant cannot recover the $3,500 in attorney's fees it requested, and any application for an award of fees and costs should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand should be granted, and Defendant's request for an award of attorney's fees and costs should be denied.

Dated: New York, New York  
      June 24, 2008

Respectfully submitted,

*s/ Craig Stuart Lanza*  
Craig Stuart Lanza (CL-2452)  
John Balestriere (JB- 3247)  
**BALESTRIERE LANZA PLLC**  
225 Broadway, Suite 2900  
New York, NY 10007  
Telephone:  (212) 374-5400  
Facsimile:  (212) 208-2613  
*Attorneys for Plaintiff*

# Exhibit A

**Subject:** Re: Notice of Removal
**From:** Craig Stuart Lanza <clanza@balestriere.net>
**Date:** Wed, 21 May 2008 16:46:35 -0400
**To:** Philip G Barber <PBarber@paulweiss.com>

```
Philip:

Called you back.  Give me a call on my cell when you get the chance.

Thanks,

Craig

Craig Stuart Lanza
BALESTRIERE LANZA PLLC
225 Broadway, Suite 2900
New York, NY  10007
Direct 212-374-5404
Mobile 917-573-4273
Facsimile 212-208-2613
```
clanza@balestriere.net
www.balestriere.net

```
The information contained in this e-mail message is
attorney-client privileged and/or confidential information
intended for the use of the named recipient only.  You
are hereby notified that any dissemination, distribution,
or copying of this communication is prohibited.  If you
have received this communication in error, please
immediately notify the sender by replying to this e-mail
or by calling us at 212-374-5400 and please immediately
delete this communication.  Thank you.



Philip G Barber wrote:

  Craig

  I tried to reach you by phone; could you give me a call?

  *Philip G. Barber* | Counsel*
  Paul, Weiss, Rifkind, Wharton & Garrison LLP*
  1285 Avenue of the Americas | New York, NY 10019-6064
  (212) 373-3356 (Direct Phone) | (212) 492-0356 (Direct Fax)_
  __pbarber@paulweiss.com_
```
<mailto:PBarber@paulweiss.com> |
  _www.paulweiss.com_

```
  *"Craig Stuart Lanza"
```
<clanza@balestriere.net>*

```
  05/21/2008 12:22 PM
  Please respond to
```
clanza@balestriere.net

```
To
    Philip G Barber/PaulWeiss@PaulWeiss
cc

Subject
    Notice of Removal




Mr. Barber:

Please see the attached notice of removal filed in Federal Court
yesterday in the late afternoon.  Let me know if you are willing to
except service.

Speak to you soon and thanks,

Craig

--
Craig Stuart Lanza
BALESTRIERE LANZA PLLC
225 Broadway, Suite 2900
New York, NY  10007
Direct 212-374-5404
Mobile 917-573-4273
Facsimile 212-208-2613
clanza@balestriere.net
www.balestriere.net

The information contained in this e-mail message is
attorney-client privileged and/or confidential information
intended for the use of the named recipient only.  You
are hereby notified that any dissemination, distribution,
or copying of this communication is prohibited.  If you
have received this communication in error, please
immediately notify the sender by replying to this e-mail
or by calling us at 212-374-5400 and please immediately
delete this communication.  Thank you.


This message is intended only for the use of the Addressee and may contain
information that is privileged and confidential.  If you are not the
intended recipient, you are hereby notified that any dissemination of this
communication is strictly prohibited.  If you have received this
communication in error, please erase all copies of the message and its
attachments and notify us immediately.
```

# Exhibit B

**Subject:** Re: [Fwd: Re: Notice of Removal]
**From:** "Philip G Barber" <PBarber@paulweiss.com>
**Date:** Thu, 29 May 2008 17:19:23 -0400
**To:** "clanza" <clanza@balestriere.net>

Craig

We do not believe that a call to the Court is necessary or appropriate. Silver Point will not consent to any application to the Court by your client other than a motion to remand, and such consent is conditioned on Silver Point's reservation of its right to seek reimbursement of its fees and costs incurred in connection with any motion to remand. Finally, if your client has not moved to remand by next Wednesday, June 4, Silver Point will make its own application to the Court.

Please call me if you have any questions.
_____
Philip G. Barber | Counsel
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3356 (Direct Phone) | (212) 492-0356 (Direct Fax)
pbarber@paulweiss.com | www.paulweiss.com


----- Original Message -----
From: "Craig Stuart Lanza" [clanza@balestriere.net]
Sent: 05/29/2008 03:51 PM AST
To: Philip Barber
Subject: [Fwd: Re: Notice of Removal]


Philip:

We are reaching out to set up a time to call the Court. I believe a call with the Court with both of us on the line makes sense here.  If you are not willing to do so, please let me know.

Thanks,

Craig

Craig Stuart Lanza
BALESTRIERE LANZA PLLC
225 Broadway, Suite 2900
New York, NY  10007
Direct 212-374-5404
Mobile 917-573-4273
Facsimile 212-208-2613
clanza@balestriere.net
www.balestriere.net

The information contained in this e-mail message is
attorney-client privileged and/or confidential information
intended for the use of the named recipient only.  You
are hereby notified that any dissemination, distribution,
or copying of this communication is prohibited.  If you
have received this communication in error, please
immediately notify the sender by replying to this e-mail

```
or by calling us at 212-374-5400 and please immediately
delete this communication.  Thank you.



-------- Original Message --------
Subject:     Re: Notice of Removal
Date:       Tue, 27 May 2008 09:01:24 -0400
From:       Craig Stuart Lanza <clanza@balestriere.net>
Reply-To:      clanza@balestriere.net
Organization:      BALESTRIERE PLLC
To:      Philip G Barber <PBarber@paulweiss.com>
References:
<OFFF50AD1C.B14F5C9D-ON85257451.004DB89A-85257451.004E53EB@paulweiss.com>


Philip:

I am not certain why a Rule 41 dismissal would not work here.
Regardless, we would like to do a call with the Court soon to address
the issue.  What is your availability?

Thanks,

Craig

Craig Stuart Lanza
BALESTRIERE LANZA PLLC
225 Broadway, Suite 2900
New York, NY  10007
Direct 212-374-5404
Mobile 917-573-4273
Facsimile 212-208-2613
clanza@balestriere.net
www.balestriere.net

The information contained in this e-mail message is
attorney-client privileged and/or confidential information
intended for the use of the named recipient only.  You
are hereby notified that any dissemination, distribution,
or copying of this communication is prohibited.  If you
have received this communication in error, please
immediately notify the sender by replying to this e-mail
or by calling us at 212-374-5400 and please immediately
delete this communication.  Thank you.

Philip G Barber wrote:

   Craig

   It appears that an order of remand will be required, and there should
   not be any ex parte appearances in connection with the remand. Please
   also be advised that pursuant to 28 U.S.C. 1447(c), Silver Point
   expects to be paid the fees and costs incurred by its counsel in
   researching any issue with respect to removal and remand, as well as
   any fees and costs incurred in connection with remand.

   *Philip G. Barber* | Counsel*
   Paul, Weiss, Rifkind, Wharton & Garrison LLP*
   1285 Avenue of the Americas | New York, NY 10019-6064
```

```
(212) 373-3356 (Direct Phone) | (212) 492-0356 (Direct Fax)_
__pbarber@paulweiss.com_ <mailto:PBarber@paulweiss.com> |
_www.paulweiss.com_
```

*"Craig Stuart Lanza" <clanza@balestriere.net>*

05/22/2008 09:23 AM
Please respond to
clanza@balestriere.net

To
    Philip G Barber/PaulWeiss@PaulWeiss
cc

Subject
    Notice of Removal

Per our discussion yesterday we will withdraw the notice of removal.  I
will keep you updated on the withdrawal.

--
Craig Stuart Lanza
BALESTRIERE LANZA PLLC
225 Broadway, Suite 2900
New York, NY  10007
Direct 212-374-5404
Mobile 917-573-4273
Facsimile 212-208-2613
clanza@balestriere.net
www.balestriere.net

The information contained in this e-mail message is
attorney-client privileged and/or confidential information
intended for the use of the named recipient only.  You
are hereby notified that any dissemination, distribution,
or copying of this communication is prohibited.  If you
have received this communication in error, please
immediately notify the sender by replying to this e-mail
or by calling us at 212-374-5400 and please immediately
delete this communication.  Thank you.


This message is intended only for the use of the Addressee and may
contain information that is privileged and confidential.  If you are not
the
intended recipient, you are hereby notified that any dissemination of this

```
communication is strictly prohibited.  If you have received this
communication
in error, please erase all copies of the message and its attachments and
notify us immediately.
```

```
This message is intended only for the use of the Addressee and may contain
information that is privileged and confidential.  If you are not the intended
recipient, you are hereby notified that any dissemination of this
communication is strictly prohibited.  If you have received this communication
in error, please erase all copies of the message and its attachments and
notify us immediately.
```

# Exhibit C

**Subject:**
**From:** "Gerard E Harper" <gharper@paulweiss.com>
**Date:** Mon, 30 Apr 2007 12:11:07 -0400
**To:** "John Balestriere" <jb@balestriere.net>
**CC:** "Kenneth M Schneider" <kschneider@paulweiss.com>, "Gary J Finiguerra" <GFiniguerra@paulweiss.com>

Dear Mr. Balestriere:

    Your surprising email of the 23rd has been forwarded to me for response.

    My client sent you a check for $20,000.00 expressly in full and final satisfaction of any obligation owed to you.  You accepted this money, and cashed the check.  As far as we are concerned, this matter is closed.

    You should direct any further communication on this matter solely to me and under no circumstances are you to communicate with my client.  As far as your continued threats are concerned, be advised that any action by you will be met with one for professional malpractice against you and your firm, which my firm has volunteered to handle at our own expense.

Very truly yours,

Gerry Harper

```
This message is intended only for the use of the Addressee and may
contain information that is privileged and confidential.  If you are not the
intended recipient, you are hereby notified that any dissemination of this
communication is strictly prohibited.  If you have received this communication
in error, please erase all copies of the message and its attachments and
notify us immediately.
```