UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
: 
BALESTRIERE LANZA PLLC, :
:
                Plaintiff, :
: 08 Civ. 4731 (GEL)
        -v.- :
: **OPINION AND ORDER**
SILVER POINT CAPITAL, LP, :
:
                Defendant. :
:
------------------------------------------------------------x

Craig Stuart Lanza and John Balestriere, New York, NY, for plaintiff.

Gerard E. Harper and Philip G. Barber, Paul, Weiss, Rifkind, Wharton, & Garrison LLP, New York, NY, for defendant.

GERARD E. LYNCH, District Judge:

      Plaintiff law firm initially filed this action seeking payment for legal services rendered in New York State Supreme Court.  When defendant answered and asserted counterclaims for malpractice, plaintiff promptly filed and served a petition removing the case to federal court.  Such removal was plainly unauthorized and improper.  See 28 U.S.C. § 1441(a) (authorizing removal "by the defendant or the defendants"); 14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3731 at 253 & n. 3 (1998) (noting that "plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them") (collecting cases).  Defendant's attorneys immediately notified counsel for plaintiff of the erroneous removal, and demanded that plaintiff move for remand.  Plaintiff so moved, and all parties agree that the case should be remanded to state court.  Defendant,

however, asserts that under 28 U.S.C. § 1447(c), it is "entitled to an award of fees and costs incurred owing to this obviously incorrect removal" (D. Resp. 2), and seeks an award of $3500 "to compensate [defendant] for having to discover and remedy plaintiff's mistake" (id. at 3). The motion to remand will be granted, and the motion for attorneys' fees denied.

    Plaintiff's error cannot be condoned. As defendant points out, the error is elementary:

> The rules governing removal are not complex. The statute expressly states that only a defendant may remove . . . . Common sense should make it obvious that a plaintiff that chooses a forum in the first place should not have a second chance to do so when its adversary answers. So basic are these rules that, here, plaintiff must have removed the action without checking any of the rules governing the procedure.

(D. Resp. 1.) Defendant's response to this mistake, however, magnified the work necessary by all parties to correct it. Defendant's excess undermines its claim for reimbursement.

    Plaintiff's attorney notified defense counsel of the removal petition by electronic mail at 12:22 p.m. on May 21, 2008. Defendant responded four hours later, calling attention to the error. At 9:23 a.m. on the very next day, plaintiff conceded the point and offered to "withdraw" the removal petition. Plaintiff proposed to do so by a joint telephone call to the Court, during which the parties would agree that the removal was erroneous and seek a "summar[y]" remand. Defendant resisted that option as not "necessary or appropriate," and demanded that plaintiff make a formal motion, reserving "its right to seek reimbursement of its fees and costs incurred in connection with any motion to remand." (P. Reply 1-2 & Exs. A, B.) Plaintiff then filed the instant motion on June 3. Defendant responded on June 18, demanding an award of fees. Plaintiff replied on June 24. The matter is now fully briefed and ripe for decision.

Under 28 U.S.C. § 1447(c), upon remanding an improperly removed case, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The language of the statute is permissive and discretionary, and authorizes an award only of such fees as are "just" and as are "actual[ly] . . . incurred as a result of the removal."  Although defendant presents no billing records or other itemization of what time and effort its attorneys expended, it is clear that the only expenses defendant could have incurred "as a result of the removal" were for the time it took to confirm by elementary research a point that it accurately characterizes as "obvious" and "basic."  This Court accomplished that research, with a glance at the governing statute and at a leading treatise, in roughly fifteen minutes.  Though a major law firm might move a bit more ponderously (and surely charges more for its time), it is clear that whatever work was done was accomplished in less than four hours.  A brief conversation with plaintiff's counsel led to an immediate confession of error; a short joint call to chambers or (to the extent the statute is read to require a motion) the time it would take defendant's counsel to read and sign a stipulation prepared by plaintiff seeking remand would have completed this matter, and led to the remand of the case, by the close of business on May 22, at minimal expense.

Instead, defendant insisted that plaintiff incur the expense not only of making a motion, but of responding at length and in detail to the defendant's demand for a fee award.  The Court was required to expend time reviewing the papers and deciding a contested issue, rather than simply signing an uncontroverted stipulation.  And the remand of the matter to state court was delayed by a month by the briefing on which defendant insisted.  In contrast, the procedure proposed by plaintiff would have rectified the error quickly and inexpensively.  Had defendant,

during the proposed phone call, sought an award of fees for an hour of an associate's time spent on research, and a partner's time on two brief phone calls, the award might have been justified (although defendant might well have foregone such a reasonable demand as essentially de minimis).

Rule 1 of the Federal Rules of Civil Procedure instructs the Court to construe and administer those rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Though the rule does not, strictly speaking, govern the interpretation of § 1447(c), it should be the touchstone not only of judicial action, but of the behavior of members of the bar as well. "Common sense should make it obvious," to use defendant's formulation, that an error such as plaintiff's here should be rectified in the quickest and easiest possible way, and not by cranking up the most formal and elaborate response possible, topped by a demand to be compensated for expenses most of which were self-inflicted.

Accordingly, it is hereby ORDERED that:

1. Upon plaintiff's motion, this case is remanded to the Supreme Court of the State of New York for New York County.

2. The Clerk of this Court is respectfully directed to make a certified copy of the motion to remand, and of this Order, and to forward it to the Clerk of the Supreme Court of the State of New York for New York County.

3. Defendant's request for costs and fees in the amount of $3500 is denied.

SO ORDERED.

Dated: New York, New York
       June 26, 2008

                                          _____
                                          GERARD E. LYNCH
                                          United States District Judge

4